IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **JOSE GUERRERO,** | § |
| | § |
| **Plaintiff,** | § |
| | § |
| v. | § CIVIL ACTION NO. 3:21-cv-2273 |
| | § |
| **FRANKEL FAMILY TRUST D/B/A MANAGEMENT SUPPORT, RUSTY WALLACE, AND TAMMY WOOD,** | § |
| | § |
| **Defendants.** | § |

### DEFENDANT FRANKEL FAMILY TRUST D/B/A MANAGEMENT SUPPORT, RUSTY WALLACE, AND TAMMY WOOD'S ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES

Defendants Frankel Family Trust d/b/a Management Support ("Frankel Trust"), Rusty Wallace ("Wallace"), and Tammy Wood ("Wood") (collectively, "Defendants"), pursuant to Fed. R. Civ. P. 7 and 81 hereby file their Original Answer and Affirmative Defenses to Plaintiff's Original Petition ("Complaint") filed in the 298th District Court of Dallas County, Texas before this case was removed, and state as follows:

### I.   DISCOVERY CONTROL PLAN

1. No response is required to Section I of the Complaint in that it is merely a statement required by the Texas Rules of Civil Procedure for cases filed in Texas state court regarding the discovery level applicable to this case. This case has been removed to federal court and is subject to the Federal Rules of Civil Procedure. The proposed Discovery Control Plan Level of the Texas Rules of Civil Procedure is irrelevant to these proceedings. To the extent a response is required, any allegations in this paragraph are denied.

## II.     PARTIES

2. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint and therefore deny the same.

3. Defendants deny that the Frankel Trust is a foreign for-profit corporation engaged in business in the State of Texas.  Defendants admit that the Frankel Trust's principal place of business is 1800 E. Deere Ave., Santa Ana, CA 92705, and clarifies that its sole trustee, Edward B. Frankel, is a citizen of California at the same address.  Defendants admit that the Frankel Trust has not designated a Texas registered agent.  No response is required for the allegations regarding service.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 3 of the Complaint and therefore deny the same.

4. Defendants admit the allegations in Paragraph 4 of the Complaint.  No response is required for the allegations regarding service.

5. Defendants admit the allegations in Paragraph 5 of the Complaint.  No response is required for the allegations regarding service.

## III.     VENUE AND JURISDICTION

6. Defendants admit that Plaintiff has alleged an amount of controversy that exceeds the minimum jurisdictional requirement but deny that any facts exist that legitimately give rise to Plaintiff's claims that could result in damages.  Defendants deny all remaining allegations in Paragraph 6 of the Complaint.

7. Defendants deny the allegations in Paragraph 7 of the Complaint.

8. Defendants admit that Plaintiff seeks damages in excess of $1,000,000 but deny that any facts exist that legitimately give rise to Plaintiff's claims that could result in damages. Defendants deny all remaining allegations in Paragraph 8 of the Complaint.

9. Defendants admit that Plaintiff seeks exemplary damages but deny that such damages are appropriate or necessary. Defendants deny all remaining allegations in Paragraph 9 of the Complaint.

## IV.  STATEMENT OF FACTS

10. Defendants admit that Plaintiff was employed by Management Support at an apartment complex, Lakeview at Parkside Apartments, at the address alleged by Plaintiff. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 10 of the Complaint and therefore deny the same.

11. Defendants admit that Wallace and Woods were working in the course and scope of their employment with Defendant Frankel Trust on or about February 13, 2021. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 11 of the Complaint and therefore deny the same.

12. Defendants deny that Defendant Frankel Trust owned the premises allegedly in question and deny that Defendant Frankel Trust managed, controlled, and/or operated the premises allegedly in question. Rather, Defendants clarify that the Lakeview at Parkside Apartments complex is owned by the Lakeview at Parkside Partners, a California general partnership of which the Frankel Trust is the managing general partner. Defendants deny the allegation regarding an "incident made the basis of this lawsuit" and therefore deny the same. Defendant deny all remaining allegations in Paragraph 12 of the Complaint.

13. Defendants deny that Defendant Frankel Trust created any unsafe conditions. Defendants admit that Plaintiff alleges that he has suffered injuries but deny that any injuries were related to any action by Defendants and therefore deny the same. Defendants deny the remaining allegations in Paragraph 13 of the Complaint.

## V.   PLAINTIFF'S CLAIM OF NEGLIGENCE AND GROSS NEGLIGENCE AGAINST DEFENDANTS

14. Paragraph 14 of the Complaint is prefatory in nature and does not require a response.

15. Defendants deny the allegations in Paragraph 15 of the Complaint.

16. Defendants deny the allegations in Paragraph 16 of the Complaint.

17. Defendants admit that at all relevant times, Defendants Wallace and Wood were acting in the course and scope of their employment with Defendant Frankel Trust.

18. Defendants deny the allegations in Paragraph 18 of the Complaint.

## VI.   RESPONDEAT SUPERIOR

19. Paragraph 19 of the Complaint is prefatory in nature and does not require a response.

20. Defendants admit that at all relevant times, Defendants Wallace and Wood were acting in the course and scope of their employment with Defendant Frankel Trust. Defendants lack information sufficient to sufficient to form a belief as to the truth regarding the "occurrence that made the basis of this lawsuit" and therefore deny the same. Defendants deny the remaining allegations in Paragraph 20 of the Complaint.

21. Defendants admit that at all relevant times, Defendants Wallace and Wood were acting in the course and scope of their employment with Defendant Frankel Trust. Defendants deny the remaining allegations in Paragraph 21 of the Complaint.

## VII.   JURY DEMAND

22. Paragraph 19 of the Complaint is prefatory in nature and does not require a response. To the extent a response is required, Defendants admit that Plaintiff has demanded trial by jury and has paid the requisite jury demand fee.

## VIII. REQUIRED DISCLOSURE

23. No response is required to Section VIII of the Complaint in that it is merely a statement required by the Texas Rules of Civil Procedure for cases filed in Texas state court regarding discovery requirements applicable to this case. This case has been removed to federal court and is subject to the Federal Rules of Civil Procedure. To the extent a response is required, any allegations in this paragraph are denied.

## IX. RULE 193.7 NOTICE

24. No response is required to Section IX of the Complaint in that it is merely a statement required by the Texas Rules of Civil Procedure for cases filed in Texas state court regarding discovery requirements applicable to this case. This case has been removed to federal court and is subject to the Federal Rules of Civil Procedure. To the extent a response is required, any allegations in this paragraph are denied.

## X. PRAYER FOR RELIEF

25. Defendants admit that Plaintiff has prayed for relief but denies that Plaintiff is entitled to the relief sought.

## XI. AFFIRMATIVE DEFENSES

By way of further answer to Plaintiff's Complaint, pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, Defendants set forth the following affirmative defenses:

26. Subject to and without waiving the foregoing, Defendants affirmatively plead that Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

27. Subject to and without waiving the foregoing, Defendants assert that Plaintiff has failed to exhaust his administrative remedies as to some or all of his claims.

28. Subject to and without waiving the foregoing, Defendants further plead that

Plaintiff's claims for damages are restricted and limited by all applicable damage caps under the law.

29. Subject to and without waiving the foregoing, Defendants further plead that Plaintiff's own acts or omissions were the sole proximate cause of Plaintiff's alleged injuries.

30. Subject to and without waiving the foregoing, Defendants further plead that Plaintiff's damages, if any, were caused in whole or in part by the negligent acts, omissions, conditions, or tangible items over which Defendants had no control, and that those acts, omissions, conditions, or tangible items were the proximate, contributing, sole, new and independent, or subsequent intervening and superseding cause of Plaintiff's damages, if any.

31. Subject to and without waiving the foregoing, Defendants further plead that Plaintiff's recovery, if any, of medical or healthcare expenses incurred is limited to the amount actually paid or incurred by or on behalf of the Plaintiff as mandated by the Texas Civil Practice and Remedies Code § 41.0105.

32. Subject to and without waiving the foregoing, Defendants further plead that Plaintiff's damages, if any, in whole or in part, were proximately caused by physical and/or mental conditions existing before and/or occurring subsequent to the occurrence in question.

33. Subject to and without waiving the foregoing, Defendants further plead that Plaintiff must mitigate any and all alleged damages and that Defendants are entitled to an offset for any amount which was or could have been earned by Plaintiff.

34. Subject to and without waiving the foregoing, Defendants affirmatively plead that Plaintiff's damages, if any, were not caused by any actions taken by Defendants.

35. Subject to and without waving the foregoing, Defendants affirmatively plead that some or all of Plaintiff's claims may be barred by the applicable statute of limitations or the

equitable doctrines of laches, waiver, estoppel and/or unclean hands.

36. Subject to and without waving the foregoing, Defendants would show that the only relevant actions it took with respect to Plaintiff in this case were not taken with either malice or reckless indifference towards Plaintiff.

37. Subject to and without waving the foregoing, Plaintiff is not entitled to recover liquidated damages because any act or omission of Defendants, to the extent it did or did not occur, was taken or not taken in good faith and with a reasonable belief that the act or omission was not in violation of the law.

38. Subject to and without waiving the foregoing, Defendants would show that their alleged conduct as it related to the terms and conditions of Plaintiff's employment was not in willful disregard of the law.

39. Subject to and without waiving the foregoing, Defendants further plead that Plaintiff's recovery of damages is limited by the after-acquired evidence doctrine.

40. Defendants reserve the right to raise additional affirmative defenses as the case progresses.

WHEREFORE, PREMISES CONSIDERED, Defendants respectfully submit this their Answer and Affirmative Defenses and pray that Plaintiff take nothing by his suit, that Defendants be allowed to recover the costs which have been incurred by reason of the charges and allegations against it by Plaintiff, and that the Court grant Defendants such other and further relief, both at law and equity, both general and specific, to which Defendants may show themselves justly entitled.

Dated: September 28, 2021                                    Respectfully submitted,

                                                  */s/ John F. McCarthy*
                                                  John F. McCarthy
                                                  Texas State Bar No. 13374500
                                                  jmccarthy@littler.com
                                                  Shelby K. Taylor
                                                  Texas State Bar No. 24110432
                                                  sktaylor@littler.com

                                                  LITTLER MENDELSON, P.C.
                                                  2001 Ross Avenue
                                                  Suite 1500, Lock Box 116
                                                  Dallas, TX  75201.2931
                                                  214.880.8100
                                                  214.880.0181 (Fax)

                                                  **ATTORNEYS FOR DEFENDANTS FRANKEL FAMILY TRUST D/B/A MANAGEMENT SUPPORT, RUSTY WALLACE, AND TAMMY WOOD**

## CERTIFICATE OF SERVICE

       On September 28, 2021, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the Case Management/Electronic Case Filing (CM/ECF) system, and served the foregoing document to the following counsel of record:

William R. Langley
Jim Hart
Alexandria N. Hunter
8441 Gulf Freeway, Suite 600
Houston, Texas  77017
PIDept@whlaw.com

                                              */s/ John F. McCarthy*
                                              John F. McCarthy

4822-9593-5739.3 / 025909-1014

**DEFENDANTS' ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES – Page 9**