IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **JOSE GUERRERO,** § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | Civil Action No. **3:21-CV-2273-L** | |
| § | | |
| **FRANKEL FAMILY TRUST D/B/A** § | | |
| **MANAGEMENT SUPPORT; RUSTY** § | | |
| **WALLACE; and TAMMY WOOD,** § | | |
| § | | |
| Defendants. § | | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff's Motion to Remand (Doc. 7), filed October 20, 2021; and Plaintiff's Second Motion to Remand (Doc. 19), filed March 9, 2022, which was filed after Defendants amended their notice of removal, as ordered, to cure certain jurisdictional deficiencies identified by the court. Both motions are opposed by Defendants, who removed this action to federal court on September 23, 2021, based on diversity of citizenship and improper joinder. After careful consideration of the motions, briefs of the parties, Plaintiff's pleadings, and applicable law, the court **denies** Plaintiff's Motions to Remand (Docs. 7, 19) based on its determination that the two nondiverse individual Defendants in this action were improperly joined.

**I.     Background**

On August 16, 2021, Plaintiff Jose Guerrero ("Plaintiff") brought this "slip and fall" case in state court, based on claims and legal theories of negligence, gross negligence, and respondeat superior against his employer Defendants Frankel Family Trust d/b/a Management Support (the "Frankel Trust") and fellow employees Rusty Wallace ("Wallace") and Tammy Wood ("Wood") (collectively, "Defendants") for injuries he allegedly sustained on-the-job on February 21, 2021,

**Memorandum Opinion and Order – Page 1**

during an unprecedented winter storm in Texas. Plaintiff alleges that, on this date, he worked for the Frankel Trust as a maintenance employee at Lakeview Parkside Apartments. Regarding the incident that allegedly resulted in his slipping, falling, and sustaining injuries, he contends as follows:

> 11. On or about February 13, 2021, a record-setting winter storm hit Texas. In the middle of this unprecedented winter storm, a supervisor employed by Defendant Management Support, Defendant Wallace and/or Defendant Wood[] were working in the course and scope of their employment with Defendant Management Support when they instructed Plaintiff to shut off the apartment complex's main lines, of which there are approximately one thousand. While temperatures remained below freezing, Plaintiff began completing this task as instructed. After closing a few main lines, and while traversing the subject property, Plaintiff slipped and fell on the icy pavement causing serious and permanent injuries.
>
> 12. At all times material to this incident made the basis of this lawsuit, Defendant Management Support owned the premises in question and Defendant Management Support managed, controlled, and/or operated the premises in question.
>
> 13. Due to the unsafe condition created by Defendant Management Support, Plaintiff suffered, among other injuries, severe injuries to his head, left shoulder, left wrist, and left elbow.

Pl.'s Orig. Pet. ¶¶ 11-13.

As indicated, Defendants removed this action from state court on September 23, 2021, alleging that Defendants Wallace and Wood were improperly joined such that their citizenship should not be considered in determining whether complete diversity of citizenship exists between Plaintiff and Defendants. Plaintiff's Motion to Remand (Doc. 7) followed on October 20, 2021. After Defendants filed an Amended Notice of Removal on November 15, 2021, that cured the jurisdictional deficiency previously identified by the court—the allegation regarding Plaintiff's mere residence in Texas—Plaintiff filed a second motion to remand, which is similar to his first motion to remand, but not identical. In response to both motions to remand and in their notices of removal, Defendants contend that Wallace's and Wood's Texas citizenship should be disregarded

**Memorandum Opinion and Order – Page 2**

in determining whether there exists complete diversity of citizenship because they were joined to defeat diversity, and there is no valid basis for liability against them under Texas law.

## II.     Improper Joinder Standard

A party seeking to remove an action to federal court on the basis of fraudulent or improper joinder bears a heavy burden. *Smallwood v. Illinois Cent. R.R. Co*., 385 F.3d 568, 574 (5th Cir. 2004) (en banc). In *Smallwood*, the court "adopt[ed] the term 'improper joinder' as being more consistent with the statutory language than the term 'fraudulent joinder,' which has been used in the past. Although there is no substantive difference between the two terms, 'improper joinder' is preferred." *Id.* at 571 n.1. Accordingly, the court uses the term "improper joinder" in this opinion. As the party wishing to invoke federal jurisdiction by alleging improper joinder, Defendants have the burden to establish that nondiverse Defendants Wood and Wallace were joined by Plaintiff to defeat federal jurisdiction. *Id.* at 575. The court is to resolve "any doubt as to the propriety of removal" in favor of remand. *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) (citation and quotation marks omitted).

Unless Congress expressly provides otherwise, a defendant may remove a state court civil action to a federal district court if the district court has original jurisdiction over the action. 28 U.S.C. § 1441(a). A federal court has original jurisdiction over civil actions in which there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). Otherwise stated, the statute requires complete diversity of citizenship; that is, a district court cannot exercise subject matter jurisdiction if any plaintiff shares the same citizenship as any defendant. *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806)). In considering citizenship, however, the court considers only the citizenship of real and substantial

**Memorandum Opinion and Order – Page 3**

parties to the litigation; it does not take into account nominal or formal parties that have no real interest in the litigation. *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 460-61 (1980). The citizenship of a party that is improperly joined must be disregarded in determining whether diversity of citizenship exists. *Johnson v. Heublein*, 227 F.3d 236, 240 (5th Cir. 2000).

To establish improper joinder, Defendants must prove: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 698 (5th Cir. 1999)). While Defendants contend that Plaintiff joined Wallace and Wood for the sole purpose of defeating subject matter jurisdiction based on diversity to avoid removal of the action to federal court, they do not appear to assert fraud on the part of Plaintiff. Instead, the essence and focus of their argument is that the joinder of Wallace and Wood as parties to this action by Plaintiff was improper because "[t]he facts pled in Plaintiff's Original Petition do not come close to alleging any ["actional facts" or] basis for liability against Wallace or Wood." Defs.' Am. Notice of Removal ¶ 23 (Doc. 11) (quoting *Griggs*, 181 F.3d at 699). The test for improper joinder is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573 (citing *Travis*, 326 F.3d at 648).

In addressing this issue, the district court must determine whether a plaintiff has "any possibility of recovery against the party whose joinder is questioned." *Travis*, 326 F.3d at 648 (quoting *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002)). "If there is arguably a reasonable basis for predicting that state law might impose

**Memorandum Opinion and Order – Page 4**

liability on the facts involved, then there is no [improper] joinder." *Great Plains Trust*, 313 F.3d at 312 (internal quotations and citations omitted). "This possibility, however, must be reasonable, not merely theoretical." *Id.* If there is a reasonable possibility that a plaintiff can recover on any of his or her claims, there is no improper joinder, and the case must be remanded. *Smallwood*, 385 F.3d at 575. In making this determination regarding improper joinder, a court does not "decide whether the plaintiff will actually or even probably prevail on the merits, but look[s] only for a [reasonable] possibility that [the plaintiff] may do so." *Dodson v. Spiliada Mar. Corp.*, 951 F.2d 40, 42 (5th Cir. 1992) (citations omitted). To determine whether a party was improperly joined, the court "must evaluate all of the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff." *Guillory v. PPG Industries, Inc.*, 434 F.3d 303, 308 (5th Cir. 2005) (quoting *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981)). On the other hand, if there is no reasonable possibility for predicting liability against the nondiverse defendant, improper joinder exists, and the action remains in federal court.

In deciding the question of improper joinder, the court may either (1) "conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether [it] states a claim under state law against the in-state defendant"; or (2) in limited circumstances, conduct a summary inquiry "to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Smallwood*, 385 F.3d at 573-74. "When a defendant seeks to remove a case, the question of whether jurisdiction exists is resolved by looking at the complaint at the time the [notice of] removal is filed." *Brown v. Southwestern Bell Tel. Co.*, 901 F.2d 1250, 1254 (5th Cir. 1990). A court may not look to postremoval filings or pleadings to determine the issue of improper joinder. *Griggs v. State Farm Lloyds*, 181 F.3d at

**Memorandum Opinion and Order – Page 5**

700 (citation omitted).  Limiting the determination of questions regarding removal jurisdiction to the claims set forth in the state pleadings at the time of removal ensures finality and early resolution of the jurisdictional issue, both of which reduce expense and delay to the parties and court. *Cavallini v. State Farm Mut. Auto Ins. Co*., 44 F.3d 256, 264 (5th Cir. 1995).

In *International Energy Ventures Management, L.L.C. v. United Energy Group, Limited*, the Fifth Circuit addressed whether the state or federal pleadings standard applies to the issue of improper joinder, holding that a federal court must apply the federal pleading standard. 818 F.3d 193, 208 (5th Cir. 2016). The federal pleading standard is that used for addressing a motion under Federal Rule of Civil Procedure 12(b)(6).

**III.    Analysis**

Based on *Leitch v. Hornsby*, 935 S.W.2d 114 (Tex. 1996), Defendants contend that Plaintiff will not be able to establish a cause of action for negligence against Defendants Wood and Wallace in their individual capacities because an employer's duty to keep a workplace safe is nondelegable under Texas law, and Plaintiff does not allege that either Defendant Wood or Wallace owed him an independent duty of care.  The court agrees with Defendants.

In *Leitch*, the Texas Supreme Court explained that corporate officers and agents "can be liable to others, including other company employees, for his or her own negligence"; however, they cannot be held individually liable for an employee's on-the-job injuries unless the officer or agent "owes an independent duty of reasonable care to the injured party apart from the employer's duty" to "use ordinary care in providing a safe work[]place." *Id*. at 117-18 (citations omitted).  In addition, the court in *Leitch* explained that "[t]he duty to provide a safe workplace was a nondelegable duty imposed on, and belonging solely to, [the employer]." *Id.* at 118 (citations omitted).

**Memorandum Opinion and Order – Page 6**

The court in *Leitch*, therefore, concluded that because defendants Leitch and Crews were not the plaintiff's employer and their actions were done in their capacity as corporate officers *on behalf of employer* Pro Com, their acts were deemed to be Pro Com's acts, and Pro Com's duty to the plaintiff to maintain a safe workplace was nondelegable. The *Leitch* court further concluded that Leitch and Crews were not individually liable for the plaintiff's workplace injuries, and that the court of appeals erred in affirming their individual liability "[b]ecause a corporate officer acting on the corporation's behalf does not owe a corporate employee an individual duty to provide that employee with a safe work place, and because Leitch and Crews did not breach any separate duty, the court of appeals erred in affirming their individual liability." *Id.*

As indicated, Plaintiff alleges in his Original Petition that he, Wallace, and Wood were all employed by Frankel Trust at the time of the incident, and that Wallace and Wood were acting in a supervisory capacity "in the course and scope of their employment" when they instructed Plaintiff to shut off the apartment complex's main lines after the temperature dropped below freezing. Pl.'s Orig. Pet. ¶ 11. Plaintiff, however, does allege not that they owed him an independent duty of reasonable care apart from the duty owed by his employer Frankel Trust to use ordinary care in providing him with a safe workplace. Instead, he acknowledges that Defendants Wallace and Wood were acting on behalf of employer Frankel Trust when they instructed him to shut off the apartment complex's main lines. Thus, Plaintiff's claims, as pleaded, do not establish a reasonable possibility that Defendants Wallace and Wood can be held individually liable under Texas law.

For the first time in both of his motions to remand, Plaintiff asserts that Defendants Wallace and Wood owed him, as a fellow worker, a "separate duty of care to not increase the risk of harm." Pl.'s Mot. Remand ¶ 10 (Doc. 7); Pl.'s Mot. to Remand ¶ 10 (Doc. 19). A district court may look

to evidence outside the pleadings in determining a fraudulent joinder claim. *Burden v. General Dynamics Corp.*, 60 F.3d 213, 217 (5th Cir. 1995). Contested issues of fact and state law ambiguities, however, must be resolved in favor of remand. *African Methodist Episcopal Church v. Lucien*, 756 F.3d 788, 793 (5th Cir. 2014).

Plaintiff's assertion in his motions to remand that Defendants Wallace and Wood owed him a "separate duty of care to not increase the risk of harm" is not evidence, but even if considered by the court, such a conclusory assertion is insufficient to defeat Defendants' claim of improper joinder to justify remand.  This assertion also directly contradicts the allegation in Plaintiff's Original Petition that Defendants Wallace and Wood were acting within the scope and course of their employment when they instructed him to close the apartment complex's main lines. Accordingly, to the extent any duty was owed in this situation to keep Plaintiff's workplace safe, that duty belongs solely to his employer Frankel Trust. *Leitch*, 935 S.W.2d at 118.  As a result, there is no reasonable possibility that Plaintiff can recover on any of his claims against Defendants Wallace and Wood. *Smallwood*, 385 F.3d at 575.  Defendants Wallace and Wood were, therefore, improperly joined, and their Texas citizenship cannot not be considered in determining whether there is complete diversity of citizenship between Plaintiff and Defendants.

## IV.   Conclusion

For the reasons explained, the court **concludes** that Defendants Wood and Wallace were improperly joined, as there is no reasonable possibility that Plaintiff can recover on his claims against these nondiverse Defendants.  The court, therefore, **disregards** their Texas citizenship and

determines that complete diversity of jurisdiction exists between the parties. Accordingly, the court **denies** Plaintiff's Motions to Remand (Docs. 7, 19).[*]

**It is so ordered** this 7th day of June, 2022.

_Sam A. Lindsay_
Sam A. Lindsay
United States District Judge

---

[*] Having determined that Plaintiff is not entitled to remand as a result of either of his motions to remand, the court need not address Defendants' contentions regarding the propriety of Plaintiff filing his second Motion to Remand (Doc. 19) after Defendants filed their Amended Notice of Removal.

**Memorandum Opinion and Order – Page 9**